**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHERYL RICE, individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>     vs.<br><br>COUNTY OF KERN,<br><br>                    Defendant. | Case No. 1:24-CV-01572-KES-CDB<br><br>**ORDER GRANTING JOINT MOTION FOR INDIVIDUAL SETTLEMENT APPROVAL AND DISMISSING ACTION**<br><br>Doc. 12 |

This matter is before the court on the parties' Joint Motion for Approval of Individual Fair Labor Standards Act ("FLSA") Settlement. Doc. 12. In support of the Motion, the parties have submitted a memorandum of points and authorities and the declaration of Nicholas J. Ferraro, attorney of record for Plaintiff in the above-captioned action, including the Settlement Agreement and Release of All Claims attached as Exhibit 1 to the declaration. Docs. 12-1, 12-2.

Because FLSA rights generally cannot be waived, settlement of actions for back wages pursuant to 29 U.S.C. § 216(b) must be approved by a court. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Lee v. The Timberland Co.*, 2008 U.S. Dist. LEXIS 108098, 2008 WL 2492295 at *2 (N.D. Cal. June 19, 2008). The decision of whether to approve or reject a settlement proposal is committed to the sound discretion of the district court. *Officers for Justice v. Civil Service Comm'n of City and Cnty. of S.F.*, 688 F.2d 615, 626 (9th Cir. 1982). "The proper procedure for obtaining court approval of the settlement of an FLSA claim is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Yue Zhou v. Wang's Rest.*, 2007 U.S. Dist. LEXIS 3405, 2007 WL 172308 at *1 (N.D. Cal. Jan. 17, 2007).

In order to approve a settlement proposed by an employer and employees, a court must determine that the settlement is "a fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Stores*, 679 F.2d at 1335; *see Campanelli v. Hershey Co.*, 2011 U.S. Dist. LEXIS 93166, 2011 WL 3583597, at *1 (N.D. Cal. May 4, 2011) (approving individual settlements in FLSA collective action, where "payments are the result of arms-length negotiations between Hershey and the 120 plaintiffs who are represented by counsel, and who have all expressly consented to the settlement.").

Having considered the memorandum and declaration, the individual settlement agreement, the arguments of counsel, and the relevant statutory and case law, the Court GRANTS the Parties' joint motion and finds and orders as follows:

1. The parties' Settlement Agreement and Release of All Claims is approved as a fair and reasonable resolution of a bona fide dispute;

2. Plaintiff Rice's claims in this action are dismissed in their entirety with prejudice;

3.      The collective claims are dismissed without prejudice;

4.      Defendant will deliver the settlement proceeds as provided for in the Settlement Agreement and Release;

5.      Neither this Order nor any other documents or information related to the individual settlements in this action shall be admissible in any proceeding as evidence: (a) that any group of similarly-situated or other employees may maintain a collective action under the Fair Labor Standards Act or a class action under Rule 23 of the Federal Rules of Civil Procedure (or comparable state law or rules); (b) of any adjudication of the merits of this case or that any party has prevailed in this case; or (c) that Defendant or others engaged in any wrongdoing.

6.      The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   December 11, 2025                          _____
                                                                  UNITED STATES DISTRICT JUDGE